IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERT MORENO, | § | |
| TDCJ #632413, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-1932 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Albert Moreno, is an inmate incarcerated in the Texas Department of

Criminal Justice - Correctional Institutions Division (collectively, "TDCJ").  Moreno has

filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge a

state court conviction.  He has also filed a memorandum in support of his petition.  (Doc.

# 7).  The respondent has answered with a motion for summary judgment, arguing that

Moreno is not entitled to relief.  (Doc. # 13).  Moreno has not filed a response, and his time

to do so has expired. After considering all of the pleadings, the records, and the applicable

law, the Court grants the respondent's motion and dismisses this case for reasons that follow.

## I.    BACKGROUND

According to the record, a state grand jury returned an indictment against Moreno,

charging him with unlawful possession of a deadly weapon while confined in a penal facility,

namely, the Darrington Unit of the Texas Department of Criminal Justice ("TDCJ").[1]  The State enhanced that indictment for purposes of punishment with allegations that Moreno had a prior felony conviction for possession of a deadly weapon in a penal institution, as well as two other felony convictions for burglary of a building and escape.  A jury in the 23rd District Court of Brazoria County, Texas, found Moreno guilty as charged on December 6, 2004.  As a result, Moreno received a thirty-five year prison sentence in addition to the one that he was already serving.

On direct appeal, Moreno's appointed attorney filed a brief requesting leave to withdraw, commonly known as an "*Anders* brief," which advised that a professional evaluation of the record revealed no arguable ground for appeal.[2]  The intermediate court of appeals agreed that the appeal was "wholly frivolous" and affirmed the conviction after rejecting four issues presented by Moreno in a *pro se* response.  *Moreno v. State*, No. 14-05-0245-CR, 2005 WL 2150246 (Tex. App. — Houston [14th Dist.] Sept. 8, 2005).  Subsequently, the Texas Court of Criminal Appeals rejected Moreno's *pro se* petition for discretionary review.

---

[1]     A person commits a felony in Texas if, while confined in a penal institution, he intentionally, knowingly, or recklessly carries a deadly weapon on or about his person or possesses or conceals a deadly weapon in the penal institution.  *See* TEX. PENAL CODE 46.10(a) (Vernon 2003).

[2]     *See Anders v. California*, 386 U.S. 738, 744 (1967) (holding that counsel appointed for an appeal may request leave to withdraw if he finds the appeal to be frivolous, but must first file a brief identifying "anything in the record that might arguably support the appeal").

2

Moreno now seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge his state court conviction.  Liberally construed, Moreno contends that he is entitled to relief for the following reasons:  (1) there was legally insufficient evidence to support his conviction; (2) the trial court erred by denying his request for a jury instruction on the defense of necessity; (3) he was denied effective assistance of counsel at trial; and (4) he was denied effective assistance of counsel on appeal because his attorney filed an *Anders* brief.[3] Several of Moreno's claims were rejected on direct appeal.  *See Moreno v. State*, No. 14-05-0245-CR, 2005 WL 2150246 (Tex. App. — Houston [14th Dist.] Sept. 8, 2005, pet. ref'd). Moreno's claims were also rejected by the Texas Court of Criminal Appeals on state habeas corpus review based on findings and conclusions of law made by the trial court.  *See Ex parte Moreno*, No. 67,400-01 (Tex. Crim. App. May 9, 2007).  The respondent has filed a motion for summary judgment, arguing that Moreno is not entitled to relief on any of his claims under the governing federal habeas corpus standard of review set forth below.

## II.     STANDARD OF REVIEW

Federal review of the pending habeas corpus petition is subject to the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding that the AEDPA applies to those habeas corpus petitions filed after its effective date of April 24, 1996).  Embodying

---

[3]     Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys.  *See Haines v. Kerner*, 404 U.S. 519 (1972);  *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

the principles of federalism, comity, and finality of judgments, the AEDPA "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000), *cert. denied*, 532 U.S. 1067 (2001). Specifically, the federal habeas corpus statutes amended by the AEDPA, codified at 28 U.S.C. § 2254(d), set forth a "highly deferential standard for evaluating state-court rulings, . . . , which demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citation omitted).

The federal habeas corpus statutes require applicants for relief to first present their claims in state court and to exhaust all state court remedies through proper adjudication. 28 U.S.C. § 2254(b). To the extent that the petitioner's claims were adjudicated on the merits in state court, the AEDPA standard applies. If a claim has not been adjudicated on the merits in state court, federal review is procedurally barred if the last state court to consider the claim expressly and unambiguously based its denial of relief on a state procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir.), *cert. denied*, 516 U.S. 1005 (1995). The procedural default rule also prevents habeas review when a petitioner has failed to meet state procedural requirements for presenting his federal claims, thereby depriving the state courts of an opportunity to address those claims in the first instance. *See Coleman*, 501 U.S. at 730; *Rosales v. Dretke*, 444 F.3d 703, 707 (5th Cir. 2006) (noting that the procedural default rule prevents habeas petitions from avoiding the exhaustion requirement by defaulting their federal claims in state court).

4

For claims adjudicated on the merits, the AEDPA provides that a petitioner is not entitled to relief unless the state court's ultimate decision:

1.  was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2.  was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (observing that the AEDPA standard is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning") (citation omitted), *cert. denied*, 535 U.S. 982 (2002). The burden is on the petitioner to show that he is entitled to relief under the highly deferential AEDPA framework. *See DiLosa v. Cain*, 279 F.3d 259, 262 (5th Cir. 2002).

Claims presenting pure questions of law and mixed questions of law and fact are governed by § 2254(d)(1). *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir.), *cert. denied*, 534 U.S. 885 (2001). The Supreme Court has clarified that "clearly established Federal law" or precedent for purposes of § 2254(d)(1) "refers to the holdings, as opposed to the dicta," of decisions from the United States Supreme Court "as of the time of the relevant state-court decision." *Carey v. Musladin*, — U.S. —, —, 127 S. Ct. 649, 653 (2006) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). A state court decision is "contrary to" clearly established precedent if the state court arrives at a conclusion opposite to one reached by the Supreme Court on a question of law or if the state court decides a case differently from the Supreme Court "on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-

13.  A state court decision is an "unreasonable application" of clearly established precedent if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the petitioner's case.  *Id.*

Pure questions of fact are governed by § 2254(d)(2).  *See Martin*, 246 F.3d at 475. In addition, a state court's factual findings are entitled to deference on federal habeas corpus review and are presumed correct under 28 U.S.C. § 2254(e)(1), unless the petitioner rebuts those findings with "clear and convincing evidence." *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citing *Hughes v. Dretke*, 412 F.3d 582, 589 (5th Cir. 2005) and 28 U.S.C. § 2254(e)(1)).  This deference extends not only to express findings of fact, but to the implicit findings of the state court.  *Garcia*, 454 F.3d at 444-45 (citing *Summers v. Dretke*, 431 F.3d 861, 876 (5th Cir. 2005); *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004)).

## III.   DISCUSSION

### A.     Sufficiency of the Evidence

Moreno complains that the evidence admitted at trial was legally insufficient to demonstrate that he possessed a "deadly weapon."  Moreno reasons, therefore, that he is entitled to relief from his conviction for possessing a deadly weapon while confined in state prison.  This claim was raised and rejected on direct appeal.

On federal habeas corpus review, the evidentiary sufficiency of a state court conviction is governed by the legal standard found in *Jackson v. Virginia*, 443 U.S. 307 (1979).  *See Ramirez v. Dretke*, 398 F.3d 691, 694 (5th Cir. 2005) (citing *West v. Johnson*, 92 F.3d 1385, 1394 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242 (1997)).  This standard

requires only that a reviewing court determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. In conducting that review, a federal habeas corpus court may not substitute its view of the evidence for that of the fact finder, but must consider all of the evidence in the light most favorable to the prosecution. *See Weeks v. Scott*, 55 F.3d 1059, 1061 (5th Cir. 1995). "Where a state appellate court has conducted a thoughtful review of the evidence, moreover, its determination is entitled to great deference." *Callins v. Collins*, 998 F.2d 269, 276 (5th Cir. 1993), *cert. denied*, 510 U.S. 1141 (1994) (citation omitted).

In this instance, Moreno admits that he possessed a sharpened piece of metal, but he denies that this instrument met the legal definition of a "deadly weapon" as that term is defined by Texas law. The appellate court noted that, in Texas, a deadly weapon is defined as follows:

> (A)   a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or
>
> (B)   anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

*Moreno v. State*, No. 14-05-0245-CR, slip op. at 3 (Tex. App. — Houston [14th Dist.] Sept. 8, 2005, pet. ref'd) (quoting TEX. PEN. CODE ANN. § 1.07(a)(17) (Vernon Supp. 2004-05)). The state court further found ample evidence that the sharpened piece of metal found in Moreno's possession qualified as a deadly weapon under the statutory definition:

There was testimony from a correctional officer, Officer Moses, who found the item, that it was a piece of metal, about 7 inches long, sharpened to the end, with tape around one end, exposing 3-4 inches of blade. Officer Moses stated that the term in prison for an object like this is a shank. The piece of metal was admitted into evidence and a photo of that item is included in the record. The piece of metal looks like a knife, sharpened on both sides to a point, with tape wrapped around one end as a handle.

A former employee at the same correctional facility testified that he has seen items like this shank and that the purpose of these objects is to kill. This employee stated that he has seen killings at the facility involving shanks. Another witness, Gerald Larson, testified that he is retired from the Office of the Inspector General (previously called the Internal Affairs Division), but has worked in law enforcement since the 1960s. While with the Inspector General, Larson investigated felony charges that arose at several different correctional units. Larson testified that the shank in this case was very well-made, and that, in his experience, it is a weapon capable of causing serious bodily injury and death.

*Id.*, slip op. at 3-4.   The state appellate court concluded, therefore, that "the evidence admitted at trial was sufficient to support a finding that the sharpened piece of metal in this case constituted a deadly weapon."   *Id.*, slip op. at 4.

Based on its independent review of the record, which contains a picture of the knife-like shank found in Moreno's possession, this Court concludes that a rational trier of fact could have found the essential elements of the offense charged beyond a reasonable doubt. Because Moreno fails to show that his conviction was supported by insufficient evidence in violation of the *Jackson v. Virginia* standard, he does not demonstrate that the state court's decision to reject this claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.   Therefore, the respondent is entitled to summary judgment on this claim.

8

**B.    The Defense of Necessity**

Moreno contends that he is entitled to relief from his conviction because the trial court improperly denied his request for a jury instruction on the defense of necessity.   The respondent argues that this claim does not merit a federal writ of habeas corpus.

To demonstrate that he was entitled to present this defense, Moreno needed to show that his possession of the weapon was "necessary to avoid imminent harm."   TEX. PENAL CODE § 9.22(1).   The Court notes that the question presented by Moreno, namely, the trial court's decision to deny a jury instruction on this defense presents an issue of Texas law. Moreno's claim was addressed on direct review, where the appellate court determined that Moreno was not entitled to the instruction as a matter of state law:

> The defense of necessity is unavailable to a defendant, even if he establishes a reasonable belief that there was a need for a homemade knife, where the defendant fails to show that his own safety clearly outweighed the safety of numerous other inmates and employees sought to be protected by the statute prohibiting deadly weapons in penal institutions.   *Rios v. State*, 1 S.W.3d 135, 137 (Tex. App. — Tyler 1999, pet. ref'd).   [Moreno] testified that he needed the weapon to protect himself from prison gangs.   Thus, [Moreno] presented evidence that the weapon was for his safety, but the record does not contain evidence proving that [Moreno's] safety clearly outweighed the safety of inmates and employees. . . .

*Moreno v. State*, No. 14-05-0245-CR, slip op. at 3.   The court of appeals concluded, therefore, that the defense of necessity did not apply.   *See id*.

To the extent that Moreno argues that his conviction violates state law, he fails to show that federal habeas corpus review is proper.   Even assuming there was an error, an alleged violation of state law does not merit federal habeas corpus relief.   As the Supreme

Court has held repeatedly, "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).  The state courts have already considered and rejected Moreno's claim.  It is well established that it is not the function of a federal habeas corpus court "to review a state's interpretation of its own law."  *Weeks v. Scott*, 55 F.3d 1059, 1063 (citing *Moreno v. Estelle*, 717 F.2d 171, 179 (5th Cir. 1983), *cert. denied*, 466 U.S. 975 (1984)); *see also Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002) ("We will take the word of the highest court on criminal matters of Texas as to the interpretation of its law, and we do not sit to review that state's interpretation of its own law.") (quoting *Seaton v. Procunier*, 750 F.2d 366, 368 (5th Cir. 1985)).

Further, although Moreno argues in general that he was denied the right to be heard "in a meaningful manner," he does not show that the state appellate court's decision was incorrect or that the decision violated the United States Constitution.  In that respect, Moreno does not show that he is entitled to relief under 28 U.S.C. § 2254(d) by attempting to demonstrate that the state court's conclusion is contrary to, or involved an unreasonable application of, clearly established federal law as decided by the United States Supreme Court.  Absent a showing that his trial was tainted by a constitutional violation, Moreno is not entitled to federal habeas corpus review of his claim concerning whether the defense of necessity applied.[4]  It follows that Moreno is not entitled to relief on this claim.

---

[4]      To the extent that Moreno complains that his trial attorney was constitutionally ineffective
(continued...)

### C.    Ineffective Assistance of Counsel at Trial

Moreno complains that his trial attorney was ineffective for failing to file a motion in limine to exclude mention of his prior criminal convictions and for failing to present evidence in support of the defense of necessity.  (Doc. # 7, *Memorandum,* at 10-11).  These claims were raised and rejected on state habeas corpus review.  *See Ex parte Moreno*, No. 67,400-01 (Tex. Crim. App. May 9, 2007).

Moreno's claim is governed by the familiar standard found in *Strickland v. Washington*, 466 U.S. 668 (1984), which establishes the test for ineffective assistance of counsel.  To prevail on an ineffective-assistance claim, Moreno must establish both of the following two elements of the *Strickland* test: (1) that counsel's representation was deficient, such that it "fell below an objective standard of reasonableness," and (2) that the deficient representation caused prejudice, which requires a showing that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688; *see also Williams v. Taylor*, 529 U.S. 362, 390-91 (2002) (reciting the two-prong *Strickland* test).   "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that rendered the result unreliable."  *Strickland*, 466 U.S. at 687.

---

[4](…continued)
      for failing to present sufficient evidence in support of this defense, this claim fails for reasons discussed more fully below.

To establish deficient performance under the *Strickland* standard, the petitioner must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Judicial scrutiny of counsel's performance must be "highly deferential," indulging in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Riley v. Dretke*, 362 F.3d 302, 305 (5th Cir. 2004) (quoting *Strickland*, 466 U.S. at 689), *cert. denied*, 543 U.S. 1056 (2005).

Even if defense counsel committed an error, a petitioner must still demonstrate actual prejudice as a result of his counsel's deficient performance.  Performance is prejudicial only if, but for counsel's errors, there is a reasonable probability that the final result would have been different and confidence in the reliability of the verdict has been undermined. *See Leal*, 428 F.3d at 548 (citing *Little v. Johnson*, 162 F.3d 855, 860-61 (5th Cir. 1998)). A "reasonable probability" in this context is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The petitioner fails to demonstrate that his counsel's performance was deficient or that he was actually prejudiced as a result for reasons discussed in more detail below.

### 1.      Failure to File a Motion in Limine

Moreno complains that his trial attorney was defective because he failed to file a motion in limine to exclude reference to his prior convictions.  The respondent concedes that

defense counsel did not file such a motion.  The respondent argues that, even if his counsel had filed such a motion, Moreno fails to show that his prior convictions were inadmissible in this instance or that a motion in limine would have successfully excluded his prior felony convictions.

The record shows that Moreno testified in his own defense.  When asked whether he had any prior felony convictions, Moreno admitted that he had a prior felony conviction for burglary of a building and a prior felony conviction for escape.  *See Court Reporter's Record*, vol. 3, at 59.  Moreno also noted that he had another prior felony conviction for forgery.  *See id*. at 60.  On cross-examination, the State forced Moreno to admit that he had neglected to mention another prior felony conviction for possession of a deadly weapon in a penal institution.  *See id*. at 67.  Moreno's counsel objected on the grounds that this conviction, from 1990, was remote in time.  *See id*. The trial court overruled the objection. *See id*.

The respondent correctly notes that, because Moreno testified on his own behalf, a motion in limine would not have prevented the State from introducing evidence of his prior convictions.  Under Rule 609 of the Texas Rules of Evidence, prior felony convictions and crimes of moral turpitude are admissible for purposes of impeachment.  Rule 609 does preclude the admission of a prior conviction that is more than ten years old unless the probative value substantially outweighs the prejudicial effect.  *See* TEX. R. EVID. 609(b). The record reflects that Moreno's counsel attempted to object to the 1990 conviction for possessing a deadly weapon in a penal institution.  The trial court overruled the objection,

13

implicitly finding that it was relevant under the circumstances.  In that respect, Moreno's prior conviction for possession of a deadly weapon in a penal institution in 1990, was relevant to the pending indictment for possession of a deadly weapon in a penal institution.

Moreno does not show that his attorney had valid grounds for a motion in limine or that he failed to raise a meritorious objection.  "Failure to raise meritless objections is not ineffective lawyering; it is the very opposite." *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).  Absent a showing that counsel failed to raise a meritorious objection and that the outcome would have been different, the petitioner fails to demonstrate deficient performance or actual prejudice.  *See Parr v. Quarterman*, 472 F.3d 245, 256 (5th Cir. 2006) (holding that counsel was not deficient in failing to present a meritless argument) (citation omitted); *Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim."); *Lavernia v. Lynaugh*, 845 F.2d 493, 499 (5th Cir. 1988) ("Counsel cannot be faulted for failing to pursue meritless motions.") (citations omitted); *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984) ("Counsel is not required to engage in the filing of futile motions.").

## 2.    Failure to Present Evidence in Support of the Defense of Necessity

Moreno complains that his trial attorney was defective because he failed to present evidence in support of his defense of necessity.  In support of that claim, Moreno presents a series of grievances that he filed in August of 2002, complaining that another offender had been placed in his assigned cell and expressing fear for his safety.  (Doc. # 7, Exhibits). The respondent argues that this claim is without merit.

14

As the respondent notes, the record reflects that Moreno's attorney did his best to present evidence in support of a defense of necessity. On direct examination, Moreno's attorney elicited testimony showing that Moreno was a former member of a violent prison gang, known as the Mexican Mafia. *See Court Reporter's Record*, vol. 3, at 60-61. Moreno testified that he was in fear for his life at the Darrington Unit because of the threat of gang retaliation. *Id*. at 61. Moreno explained that he made the weapon for "self-protection" because he was in fear for his life. *Id*. at 63. Moreno added that he had "no" confidence in TDCJ's ability to protect his life because, during the months of August and September of 2002, shortly before the shank was found in Moreno's cell on October 14, 2002, officers had allowed other inmates to enter his cell. *Id*. at 63-65. Moreno explained that he has lived in administrative segregation since 1993, and that other inmates were not supposed to be allowed in his cell. *Id.* Moreno testified that, while he was assigned to segregated housing, he had observed inmates fighting amongst each other on "many" occasions. *Id*. at 65. Moreno explained that the possibility of assault by other inmates caused him to fear for his own safety. *Id.* at 66. He noted further that he had been attacked before by "wheeling shanks" or darts thrown by inmates as he was "walking by on the run." *Id.* at 66.

The trial court excluded evidence that, as a former gang member, Moreno was on a "hit list." Moreno's counsel made an offer of proof at the close of his case. Moreno testified that he was a member of the Mexican Mafia prison gang and that, to his knowledge, he was on a hit list. *See Court Reporter's Record*, vol. 3, at 87. Moreno explained that the prison gang sometimes paid other prisoners who were not necessarily in the gang to attack or kill

a former gang member.  *See id*.  Moreno also detailed on incident in which another inmate hid under the bed in his cell with "a light bulb in his hand," which placed him in fear of being attacked.  *Id.* at 88.  Moreno admitted that he had never been attacked or stabbed with a shank, but that his sandwich had been "poisoned" in 1993 by a member of the Mexican Mafia.  *Id.* at 89.  Moreno testified that, because he knew he was on the hit list, he believed he was in "imminent danger" every day.  *See id*. at 90.

This record reflects that Moreno's counsel made a concerted effort to present evidence that his client possessed a weapon because he was in fear for his safety.  In light of this evidence, Moreno's counsel requested a jury instruction on whether Moreno's possession of the weapon was justified as a necessity because he was in fear of his life.  *See Court Reporter's Record*, vol. 3, at 92-93.  The trial court refused his request.  *Id.* at 93.

As this record shows, Moreno's counsel was able to present evidence that other inmates had entered Moreno's cell in August and September of 2002.  Thus, although he did not introduce the grievances at trial, the jury heard evidence that Moreno was concerned for his safety.  Moreover, Moreno does not clearly show that the grievances would have been helpful to his defense.  A review of the grievances shows that Moreno's main concern was that other inmates had entered his cell and taken or damaged items of his personal property. (Doc. # 7, Exhibits).  Moreno did express some fear for his safety, but his primary concern was the loss of his property.  Accordingly, Moreno fails to show that his attorney was deficient for not presenting this evidence or that he suffered actual prejudice as a result.

In conclusion, Moreno has not established deficient performance or actual prejudice, and he further fails to demonstrate that he received ineffective assistance of counsel at his trial.  Moreno likewise fails to show that the state court's decision to reject his claim was contrary to clearly established Supreme Court precedent.  Accordingly, Moreno fails to show that he is entitled to relief on his claim for ineffective-assistance under the deferential standard found in 28 U.S.C. § 2254(d).

### D.    Ineffective Assistance of Counsel on Appeal

Moreno contends that he is entitled to relief because he was denied his constitutional right to effective assistance of counsel on appeal.  In particular, Moreno complains that his appellate attorney was deficient for filing an *Anders* brief.  The respondent notes that this allegation was rejected on direct appeal.

The Fourteenth Amendment to the United States Constitution guarantees a criminal appellant the right to counsel in his first appeal of right.  *See Evitts v. Lucey*, 469 U.S. 387 (1985); *Douglas v. California*, 372 U.S. 353 (1963).  The right to counsel, where present, also entails "the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970).  "'Persons convicted of a crime are entitled to receive effective assistance of counsel in their first appeal of right,' but counsel is not required to raise every nonfrivolous issue."  *Givens v. Cockrell*, 265 F.3d 306, 310 (5th Cir. 2001) (quotation omitted).  The right to counsel on appeal "does not include the right to bring a frivolous appeal and, concomitantly, does not include the right to counsel for bringing a frivolous appeal." *Smith v. Robbins*, 528 U.S. 259, 278 (2000).

17

A habeas corpus petitioner who claims that he was denied the right to effective assistance of counsel on appeal must satisfy the above-referenced *Strickland* standard by showing that his counsel's performance was deficient, and that counsel's deficient performance resulted in actual prejudice.  *See Amador v. Quarterman*, 458 F.3d 397, 410 (5th Cir. 2006), *cert. denied*, — U.S. —, 127 S. Ct. 2129 (2007).  Because there is no right to appellate counsel in the absence of a nonfrivolous issue for appeal, a petitioner challenging the effectiveness of his appellate attorney must demonstrate deficient performance by showing that his counsel "was objectively unreasonable in failing to find arguable issues to appeal — that is, that counsel unreasonably failed to discover non-frivolous issues and raise them."  *Robbins*, 528 U.S. at 285.  If the petitioner succeeds in such a showing, then he must establish actual prejudice by demonstrating a "reasonable probability" that, but for his counsel's deficient performance, "he would have prevailed on his appeal."  *Id.*

In this case, Moreno fails to show that he was denied effective assistance of counsel because he does not identify a non-frivolous issue for appeal.  In that regard, Moreno alleges that his appellate attorney was deficient for filing an *Anders* brief because he did not raise an issue about the defense of necessity.  For reasons set forth above, Moreno's allegations of ineffective assistance are refuted by the state court appellate opinion, which rejects Moreno's contention that the defense of necessity applied in his case.

After reviewing the entire record, the intermediate court of appeals also rejected Moreno's assertion that his appellate attorney was ineffective for filing an *Anders* brief, which claim Moreno raised as one of his *pro se* grounds for relief:

> [Moreno] also claims that his appellate counsel provided ineffective assistance by filing an *Anders* brief. We disagree. We have carefully reviewed the record, counsel's brief, and [Moreno's] *pro se* response, and we agree the appeal is wholly frivolous and without merit. Further, we find no reversible error in the record. Thus, we find no merit to [Moreno's] claim of ineffective assistance.

*Moreno v. State*, No. 14-05-0245-CR, 2005 WL 2150246, *3. Moreno does not demonstrate that the state court's conclusion was incorrect as a matter of law or that the conclusion was otherwise based on an unreasonable application of the facts. Absent a showing that he was entitled to assert the defense of necessity, or that he otherwise had a meritorious argument to make, Moreno does not establish that his counsel unreasonably failed to raise a nonfrivolous issue on appeal. Likewise, Moreno does not show that, but for his attorney's deficient performance, he would have prevailed in that proceeding.

Thus, Moreno's conclusory allegations fail to articulate a constitutional violation of the right to effective assistance of counsel on appeal or to otherwise show that he is entitled to a federal writ of habeas corpus. Because Moreno has not identified any nonfrivolous issues that his attorney could have pursued on direct appeal, he fails to demonstrate that his appellate counsel was deficient or that he was actually prejudiced as a result. Under these circumstances, Moreno fails to show that the state court's decision to reject his ineffective-assistance claim was contrary to, or involved an unreasonable application of, clearly

established Supreme Court precedent.  *See* 28 U.S.C. § 2254(d)(1).  Therefore, Moreno's petition must be dismissed for failure to state a claim.

## IV.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the

petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For all of the reasons discussed above, the court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner stated a valid claim of the denial of a constitutional right. Therefore, a certificate of appealability will not issue.

## V.    CONCLUSION AND ORDER

Based on the foregoing, the court **ORDERS** as follows:

1.    The respondent's motion for summary judgment (Doc. # 13) is **GRANTED**.

2.    The petition for a writ of habeas corpus (Doc. # 1) is **DENIED**, and this case is **DISMISSED** with prejudice.

3.    A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on January 2, 2008.

Nancy F. Atlas
United States District Judge

21